# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00059-CV

**Philip Alan Gentry, Appellant**

**v.**

**Pleasant View PLNDV TX, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF BELL COUNTY
### NO. 22CCV01470, THE HONORABLE PAUL A. MOTZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Philip Alan Gentry appeals the judgment ordering him to vacate a rented space in a mobile-home park and to pay back rent and attorney's fees to Pleasant View PLNDV TX. We will affirm the judgment.

Gentry moved into a home in Pleasant View's park in 2010. Evidence included a one-year lease signed by Gentry effective September 1, 2017; Gentry denied signing a 2017 lease and said he signed a lease in 2019, but no 2019 lease is in the record before us. When the 2017 lease's one-year term elapsed on August 31, 2018, the tenancy converted to month-to-month. Under the 2017 lease, Pleasant View had to give Gentry 60 days' notice it was terminating the lease during the month-to-month period.

Pleasant View sent Gentry a Notice to Terminate Tenancy dated June 28, 2022. Pleasant View's representative said she put the notice on Gentry's door—the record includes a photo of something that she testified was the notice attached to a door—and sent service by

certified mail, which Gentry declined on July 5, 2022. After setting out the relevant terms of the lease, the notice states that "the Landlord has elected to terminate your tenancy effective August 31, 2022." It then states, "If you fail to vacate the Premises on or before **11:59 PM Wednesday, August 31, 2022**, Landlord will file a forcible entry and detainer suit against you to evict you from the Premises."

Pleasant View filed an "eviction case" in justice court by petition dated September 7, 2022, stating grounds for eviction as "Non Renewal" and stating that notice to vacate had been hand-delivered and sent by certified mail on June 28, 2022. Pleasant View did not seek back rent. The justice court signed an Eviction Judgment dated September 22, 2022, that awarded $154 in court costs.

Gentry appealed to the county court at law, and Pleasant View filed an amended petition seeking back rent accrued after August 31, 2022. After a hearing, the county court rendered judgment for Pleasant View, concluding that it was entitled to possession of the property and awarding it $1,837.39 in back rent, $2,500 in attorneys fees, and $154 in court costs.

Gentry appeals, filing a pro se brief that does not assign errors by the trial court. He recounts his struggles getting his rent payments to Pleasant View beginning in February 2022—a period for which Pleasant View did not seek or recover back rent. He also discusses interactions with Pleasant View personnel that occurred after the hearing and judgment at the county court; these interactions are beyond the scope of our review. Our role in the judicial system is largely to review complaints about trial courts' rulings, orders, and omissions that led to the judgment complained of; we conduct this review based on the pleadings, evidence, and issues raised by the parties that were presented to the trial court when it made its decisions and

2

rendered judgment. *See* Tex. R. App. P. 33.1; *see also, e.g.*, *Perry Homes v. Cull*, 258 S.W.3d 580, 596 n.89 (Tex. 2008). Although we construe pro se briefs liberally, pro se appellants are held to the same standards as appellants represented by counsel to avoid giving them an unfair advantage. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). Reading Gentry's brief liberally, we consider his complaints to challenge the sufficiency of the evidence to support the judgment.

In conducting a sufficiency review, we consider the evidence in the light most favorable to the challenged findings and indulge every reasonable inference that supports them. *University Gen. Hosp., L.P. v. Prexus Health Consultants, LLC*, 403 S.W.3d 547, 550 (Tex. App.—Houston [14th Dist.] 2013, no pet.). The evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the decision under review. *Id.* at 551. We credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *Id.* In reviewing the factual sufficiency of the evidence, we examine the entire record, considering both the evidence in favor of and contrary to the challenged findings. *See Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406-07 (Tex. 1998); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). We may set aside the challenged finding for factually insufficient evidence only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Ellis*, 971 S.W.2d at 407.

The county court heard testimony and admitted evidence that Pleasant View provided 67 days' notice of termination of the lease and that it intended to seek eviction if Gentry did not timely vacate the premises. The court also heard Gentry's denial that he received that notice.

To the extent that Gentry's complaints on appeal concern back rent for the period after the notice of termination and before the judgment, we conclude that the record contains evidence that supported the county court's finding and judgment that Gentry owed $1,837 in back rent. Pleasant View's representative testified about the rent, and the county court admitted a summary of Pleasant View's log for accounts receivable from Gentry. The county court heard testimony from Gentry disputing Pleasant View's evidence, including testimony that he had tendered payments that Pleasant View did not accept because of the pending litigation.

The county court was empowered to find Pleasant View's evidence that Gentry owed back rent and received timely notice of termination and impending eviction more credible than Gentry's evidence that he did not. *See Nelson v. Najm*, 127 S.W.3d 170, 174 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (trial court as factfinder in bench trial is sole judge of the witnesses's credibility). We may not pass on the credibility of the witnesses or substitute our judgment for that of the factfinder. *George Joseph Assets, LLC v. Chenevert*, 557 S.W.3d 755, 765 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). Viewing the evidence in the light required by law, we conclude that the record contains legally and factually sufficient evidence to support the court's judgment.

We affirm the trial court's judgment.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Affirmed

Filed: February 27, 2024

4